# EXHIBIT C



# Office of the Attorney General
## Washington, D. C. 20530

March 14, 2025

MEMORANDUM FOR LAW ENFORCEMENT OFFICERS

FROM:               THE ATTORNEY GENERAL

SUBJECT:            GUIDANCE FOR IMPLEMENTING THE ALIEN ENEMIES ACT

The President's Proclamation under 50 U.S.C. § 21 et seq., titled, "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua" ("the Proclamation"), directs the Attorney General and Secretary of Homeland Security to apprehend, restrain, secure, and remove every Alien Enemy subject to the Proclamation. The Proclamation further grants authority to the Attorney General to issue any guidance necessary to effectuate the prompt apprehension, detention, and removal of Alien Enemies. This memorandum provides guidance on implementing the President's invocation of the Alien Enemies Act ("AEA"). This guidance shall take effect when the Proclamation is made public by the President.

***

## (1) Definitions

For purposes of this guidance memorandum, an "Alien Enemy" under the Proclamation and 50 U.S.C. § 21 is a person who is: (1) fourteen years of age or older; (2) not a citizen or lawful permanent resident of the United States; (3) a citizen of Venezuela; and (4) a member of the hostile enemy Tren de Aragua, as determined by reference to Form AEA-21A, titled, "Alien Enemies Act: Alien Enemy Validation Guide," attached to this memorandum.

## (2) Removal of Alien Enemies

All aliens who are determined to be Alien Enemies under the Proclamation and 50 U.S.C. § 21 shall be issued a Notice and Warrant of Apprehension and Removal under the AEA and removed from the United States, except as provided in section (8) of this memorandum. In effectuating the removal of Alien Enemies, law enforcement officers and agents ("officers") must follow the procedures below.

### A. Apprehension and Removal Procedures in Proactive Matters

#### i.    Step 1: Validation of Alien Enemy Status and Execution of Form AEA-21A

At Step 1 of the proactive AEA apprehension and removal procedures, a line officer, or any other available officer ("line officer"), is responsible for determining whether an individual qualifies as an Alien Enemy. As outlined above, that requires determining that an individual is: (1) at least fourteen years of age; (2) not a citizen or lawful permanent resident of the United States; (3) a citizen of Venezuela; and (4) a member of Tren de Aragua.

**LAW ENFORCEMENT SENSITIVE/LIMITED OFFICIAL USE**

**Exhibit C**

Memorandum for Federal Law Enforcement Officers                                                    Page 2
Subject: Guidance For Implementing the Alien Enemies Act

Form AEA-21A guides the analysis of these four requirements. Accordingly, at Step 1, a line officer must complete Form AEA-21A for each suspected Alien Enemy. As outlined in that form, there may be instances where removal proceedings under the Immigration and Nationality Act ("INA") would be more appropriate based upon a review of the facts of the case than removal under the AEA. Line officers should adhere to the instructions in Form AEA-21A, including consulting with their supervisor(s) and the Office of the Principal Legal Advisor, U.S. Immigration and Customs Enforcement, in making such a determination.

At the conclusion of Step 1, if all four requirements stated above are satisfied, the line officer must validate the subject individual as an Alien Enemy by signing the Validation Determination section of Form AEA-21A. Thereafter, a supervisor must review the line officer's determination and approve the reviewing officer's determination by signing in the space allotted in Form AEA-21A. In this supervisory review, the supervisor may consider all relevant facts, including but not limited to, supporting documentation, identity verification documentation, and statements made by the alien regarding his or her alienage and connection to Tren de Aragua. The supervisor may request additional information from any source and may require an interview of the alien.

### ii.    Step 2: Issuance of Warrant of Apprehension and Removal

If, at the conclusion of Step 1, a supervisor approves the line officer's validation determination, a supervisor must then issue a Warrant of Apprehension and Removal for the subject Alien Enemy by signing the top portion of Form AEA-21B, titled "Notice and Warrant of Apprehension and Removal Under the Alien Enemies Act."

### iii.    Step 3: Deconfliction

To the extent possible, before apprehending an Alien Enemy, officers should conduct standard conflict checks (e.g., DICE, DARTS) to ensure apprehending and removing the Alien Enemy is consistent with the interests of justice.

### iv.    Step 4: Apprehension of Alien Enemies in Proactive Matters

After a supervisor issues a Warrant of Apprehension and Removal and deconfliction is complete, officers shall use all available tools to immediately apprehend validated Alien Enemies wherever they are found in the United States, including, but not limited to, inside Alien Enemies' residences and workplaces. Prior to entering an Alien Enemy's residence to apprehend an Alien Enemy, officers must have reason to believe the validated Alien Enemy is present inside the residence.

To be clear, as outlined below in the section titled, "Apprehension and Removal Procedures in Reactive Matters," it is not necessary to complete Forms AEA-21A and AEA-21B prior to apprehending an Alien Enemy, where an officer has a reasonable belief that all four requirements to be validated as an Alien Enemy are met. In such circumstances, officers are authorized to apprehend the Alien Enemy and thereafter complete Forms AEA-21A and AEA-21B.

**LAW ENFORCEMENT SENSITIVE/LIMITED OFFICIAL USE**

Memorandum for Federal Law Enforcement Officers                                    Page 3
Subject: Guidance For Implementing the Alien Enemies Act

While a judicial or administrative arrest warrant is not necessary to apprehend a validated Alien Enemy, to perfect apprehension operation plans, officers should consider consulting federal prosecutors in the relevant district to obtain criminal search warrants and/or criminal arrest warrants based on violations of, for example, 8 U.S.C. § 1304(e) (failure to carry immigration documents), 8 U.S.C. § 1306 (failure to register and failure to comply with address obligations), 8 U.S.C. § 1324 (smuggling and harboring aliens), 8 U.S.C. §§ 1325–1326 (illegal entry and re-entry); and 18 U.S.C. § 922(g)(5) (possession of firearm by alien). Beyond these common crimes, because Tren de Aragua has been designated as a Foreign Terrorist Organization and a Specially Designated Global Terrorist, crimes including 18 U.S.C. § 2339B (providing material support or resources to designated Foreign Terrorist Organizations) and 50 U.S.C. § 1705 (violating orders issued under the International Emergency Economic Powers Act) may also be relevant to address in any consultation. While the ultimate goal is immediate identification and removal of Alien Enemies, coordination with federal prosecutors—who are required to support these operations at every step—may enhance officers' ability to conduct apprehensions safely and efficiently, and may assist in the collection of evidence identifying additional Tren de Aragua members in the vicinity of the Alien Enemy to be apprehended.

### v.    Step 5: Service of Notice and Warrant of Apprehension and Removal

Upon apprehension, an officer must serve the Alien Enemy with Form AEA-21B. This Notice and Warrant of Apprehension and Removal must include a statement by the officer that notifies the Alien Enemy that:

a) The officer has been authorized to apprehend, restrain, and remove Alien Enemies;
b) The alien has been determined to be an Alien Enemy;
c) The alien has been determined to be at least fourteen years of age;
d) The alien has been determined to not be a citizen or lawful permanent resident of the United States;
e) The alien has been determined to be a citizen of Venezuela;
f) The alien has been determined to be a member of Tren de Aragua;
g) The alien is not entitled to a hearing, appeal, or judicial review of the apprehension and removal warrant;
h) The Alien Enemy shall be detained pending removal from the United States; and
i) After being removed from the United States, the Alien Enemy may not enter or attempt to enter the United States without the permission of the Secretary of Homeland Security.

After serving Form AEA-21B upon the validated Alien Enemy, the serving officer must obtain the signature of the Alien Enemy and execute the certificate of service on Form AEA-21B. If the Alien Enemy refuses to sign, the officer should so indicate on the signature line.

**LAW ENFORCEMENT SENSITIVE/LIMITED OFFICIAL USE**

Memorandum for Federal Law Enforcement Officers                                      Page 4
Subject: Guidance For Implementing the Alien Enemies Act

### vi.    Step 6: Detention

All apprehended Alien Enemies must be detained under 50 U.S.C. § 21 until removal is effectuated because all Alien Enemies subject to the Proclamation are chargeable with actual hostility or other crime against the public safety. Such detention may occur in any location deemed suitable by officers in the Department of Justice or the Department of Homeland Security, and may include facilities maintained by the federal government, state or local governments, or contracted private entities.

### vii.    Step 7: Removal

Immediately upon apprehension, officers should commence arrangements to promptly remove the Alien Enemy out of the territory of the United States. At the time of removal, officers must verify removal of the Alien Enemy on Form AEA-21C, titled, "Verification of Removal," and fully execute such form.

### B.  Apprehension and Removal Procedures in Reactive Matters

As much as practicable, officers should follow the proactive procedures above—and have an executed Warrant of Apprehension and Removal—before contacting an Alien Enemy. However, that will not always be realistic or effective in swiftly identifying and removing Alien Enemies. For example, consistent with the law, officers may need to contact a suspected Alien Enemy to develop further facts or otherwise confirm any of the four requirements for validation as an Alien Enemy. Or an officer may encounter a suspected Alien Enemy in the natural course of the officer's enforcement activity, such as when apprehending other validated members of Tren de Aragua. Given the dynamic nature of enforcement operations, officers in the field are authorized to apprehend aliens upon a reasonable belief that the alien meets all four requirements to be validated as an Alien Enemy. This authority includes entering an Alien Enemy's residence to make an AEA apprehension where circumstances render it impracticable to first obtain a signed Notice and Warrant of Apprehension and Removal (Form AEA-21B).

Whenever officers make a reactive apprehension under the AEA, officers must thereafter complete each relevant step of the Proactive Removal Procedures outlined above. And prior to removal of an Alien Enemy, officers must complete all forms described above, namely, Forms AEA-21A, AEA-21B, and AEA-21C.

### (3) Independent Arrest Authority

Many Alien Enemies and suspected Alien Enemies are already subject to immediate arrest under traditional criminal and immigration arrest authority. Those arrests should already be occurring. And in such cases, adhering to traditional arrest requirements, there is no reason to wait for validation of Alien Enemy status before making an arrest. Following such arrests officers have discretion to initiate an AEA removal if all requirements set forth herein are satisfied.

**LAW ENFORCEMENT SENSITIVE/LIMITED OFFICIAL USE**

Memorandum for Federal Law Enforcement Officers
Subject: Guidance For Implementing the Alien Enemies Act

Page 5

### (4) Recordkeeping

All records associated with the apprehension and removal of an Alien Enemy, including all forms identified above and all supporting documentation, must be maintained by the Department of Homeland Security.

### (5) Limitations on Relief From Removal

#### a. No entitlement to hearings, appeals, or judicial review of removal order

An alien determined to be an Alien Enemy and ordered removed under the Proclamation and 50 U.S.C. § 21 is not entitled to a hearing before an immigration judge, to an appeal of the removal order to the Board of Immigration Appeals, or to judicial review of the removal order in any court of the United States.

#### b. Ineligibility for relief or protection from removal

An alien determined to be an Alien Enemy under the Proclamation and 50 U.S.C. § 21 shall be ineligible for any relief or protection from removal.

### (6) Reporting of Apprehension and Removal Warrants

All issued Forms AEA-21B under this guidance memorandum must be reported to the Secretary of Homeland Security.

### (7) Apprehension and Removal Authority

All Department of Justice and Department of Homeland Security officers and agents are hereby authorized to perform the actions described herein, including but not limited to, determining Alien Enemy status, issuing notices and warrants of apprehension and removal, and effectuating removals of Alien Enemies from the United States. At the direction of the Attorney General or the Secretary of Homeland Security, subject to applicable law, any other law enforcement officer or agent may also perform the actions described herein.

### (8) Exemptions from Removal

An alien determined to be an Alien Enemy under the Proclamation and 50 U.S.C. § 21 may be exempted from the immediate removal requirement of section (2) of this memorandum in the following circumstances:

    a. First, immediate removal is not mandated when an Assistant United States Attorney or other Department of Justice attorney determines that the Alien Enemy may have engaged in criminal misconduct in violation of federal laws and investigation and/or prosecution of that criminal misconduct would best serve the interests of justice. In such a case, the Alien Enemy shall be detained under 50 U.S.C. § 21

**LAW ENFORCEMENT SENSITIVE/LIMITED OFFICIAL USE**

(irrespective of any conditions of release set under 18 U.S.C. § 3142),[1] until the conclusion of any investigation, prosecution, and custodial sentence, or until an Assistant United States Attorney or other Department of Justice attorney determines that continued investigation or criminal prosecution no longer best serves the interests of justice. At such time, the Alien Enemy shall be removed from the United States under the AEA.

**b.** Second, immediate apprehension and removal of an Alien Enemy is not mandated when the investigating agency determines that such actions would substantially compromise a significant law enforcement investigation or prosecution, and the participating U.S. Attorney's Office concurs in writing with the agency's determination.[2]   These determinations should be made with all relevant circumstances in mind, including the safety of the public and the desire to swiftly remove Alien Enemies from the United States. Delay in apprehension and removal of an Alien Enemy under this subsection is permitted only for such time as is reasonably necessary to complete the investigation or prosecution. Further, in the event it would not impair an investigation or prosecution to hold an Alien Enemy in custody during the pendency of the investigation or prosecution, the Alien Enemy shall be detained under 50 U.S.C. § 21.

All exemptions under this section shall be disclosed as Urgent Reports pursuant to Justice Manual § 1-13.130; such reports shall specify the anticipated charges, the anticipated timeframe for bringing charges, and, where applicable, the significance of an Alien Enemy's role in an ongoing investigation or prosecution.

## (9) Prosecution Referrals

Consistent with the exemptions outlined in section (8), throughout the removal process described herein, officers should be alert to cases where a referral to the U.S. Attorney's Office for criminal prosecution, rather than immediate removal as an Alien Enemy, may better serve the interests of justice.

## (10)      Attachments

a.  Form AEA-21A ("Alien Enemies Act: Validation Guide")

---

[1] In the event a court orders an Alien Enemy detained pending trial under 18 U.S.C. § 3142, officers should be prepared to resume custody of the Alien Enemy under 50 U.S.C. § 21 when the Alien Enemy's custodial status changes (e.g., when conditions of release are later set by the court or the criminal case terminates).

[2] There may be instances where a federal agency is partnered with a state or local prosecutor on an active investigation or prosecution. The presumption in such cases is that any associated Alien Enemy will be subject to immediate apprehension and removal under the AEA. This presumption may be overcome only upon approval from the Office of the Deputy Attorney General following a written request from the subject agency and prosecutor's office.

Memorandum for Federal Law Enforcement Officers                                    Page 7
Subject: Guidance For Implementing the Alien Enemies Act

b. Form AEA-21B ("Notice and Warrant of Apprehension and Removal Under the Alien Enemies Act")

c. Form AEA-21C ("Verification of Removal")

**LAW ENFORCEMENT SENSITIVE/LIMITED OFFICIAL USE**

# ALIEN ENEMIES ACT:
## ALIEN ENEMY VALIDATION GUIDE

In the case of: _____ A-File No.: _____

1. The person named above is fourteen years or older: ☐
2. The person named above is not a citizen or lawful permanent resident of the United States: ☐
3. The person named above is a citizen of Venezuela: ☐

*If any of these three requirements are not satisfied, the person named above shall not be ordered removed under the Alien Enemies Act (AEA). In such a case, you should consult your supervisor and the Office of the Principal Legal Advisor (OPLA), U.S. Immigration and Customs Enforcement, and, where applicable, initiate removal proceedings under the Immigration and Nationality Act (INA).*

4. The person named above is validated as a member of Tren de Aragua (TDA), as determined by reference to the following evaluation form:

**Instructions***: Complete the following validation evaluation form for each suspected alien targeted for removal under the AEA, or, following apprehension, for each alien potentially subject to an AEA removal.*

*After accounting for the two comments below, aliens scoring 8 points and higher are validated as members of TDA; you should proceed with issuing Form AEA-21B, titled, "Notice and Warrant of Apprehension and Removal under the Alien Enemies Act." Aliens scoring 6 or 7 points <u>may</u> be validated as members of TDA; you should consult with a supervisor and OPLA, reviewing the totality of the facts, before making that determination; if you determine an alien should not be validated at this time as a member of TDA, when available, you should initiate removal proceedings under the INA. Aliens scoring 5 points or less should not be validated at this time as members of TDA; when available, you should initiate removal proceedings under the INA.*[1]

*<u>Comment 1</u>: Even if 8 points or higher, if all tallied points for an alien are from the Symbolism and/or Association categories (with <u>no points</u> scoring in any other category), consult your supervisor and OPLA before determining whether to validate the alien as a member of TDA (and proceed with an AEA removal) or initiate INA removal proceedings.*

---

[1] A tally of 5 points or less, or any decision to initiate INA removal proceedings, is not a finding that an alien is *not* an Alien Enemy. Relatedly, at any time, additional information may come to light that gives reason to revisit a prior decision to forego an AEA removal.

1

Form AEA-21A

*Comment 2: For purposes of validating an alien as a member of TDA, at least one scoring category must involve conduct occurring, or information received, within the past five years.*

| Validation Evaluation | | | |
|---|---|---|---|
| **Category** | **Definition/Explanation** | **Points** | **✓** |
| **Judicial Outcomes and Official Documents** | a. Subject has been convicted of violating Title 18, United States Code, Section 521 or any other federal or state law criminalizing or imposing civil penalties for activity related to TDA | 10 | |
| | b. Court records (e.g., indictments, criminal complaints, sentencing memorandums) identifying the subject as a member of TDA, describing specific activity of TDA | 5 | |
| **Self-Admission** | a. Subject self-identifies as a member or associate of TDA verbally or in writing to law enforcement officer, even if that self-identification to a law enforcement officer is unwitting, e.g., through lawful interception of communications | 10 | |
| **Criminal Conduct and Information** | a. Subject participates in criminal activity (e.g., narcotics trafficking, human smuggling, etc.) with other members of TDA, including preparatory meetings and significant incidents directly attributed to TDA | 6 | |
| | b. Law enforcement or intelligence reporting identifying subject as a member of TDA, to include Bureau of Prisons validations and reliable foreign partner information | 4 | |
| | c. Credible testimonies/statements from victims, community members, or informants that affirm the subject's membership in or allegiance to TDA | 3 | |
| | d. Detailed open-source media (e.g., newspapers, investigative journalism reports) that describe arrest, prosecution, or operations of a subject as a member of TDA | 2 | |
| | e. Subject conducts and/or facilitates business with TDA (e.g., money laundering, mule, service provider) | 2 | |
| **Documents and Communications** | a. Written or electronic communications (e.g., e-mails, letters, texts, secure messages) that discuss business with, and/or are communicating with, known members of TDA; cell phone data contains multiple group, organizational, or organization leaders' or members' information | 6 | |
| | b. Subject conducts phone calls about the business of TDA with known members of TDA | 10 | |
| | c. Financial transactions indicating criminal activity for TDA or with known members of TDA | 3 | |
| | d. Subject possesses written rules, constitution, membership certificates, bylaws, etc., indicating, together with other conduct, membership of or allegiance to TDA | 6 | |
| **Symbolism** | a. Subject has tattoos denoting membership/loyalty to TDA | 4 | |
| | b. Social media posts by the subject displaying symbols of TDA or depicting activity with other known members of TDA | 2 | |
| | c. Subject observed tagging or graffitiing to mark the territory of, and the subject's allegiance to, TDA | 2 | |
| | d. Subject observed displaying hand signs used by TDA | 2 | |
| | e. Subject displays insignia, logos, notations, drawings, or dress known to indicate allegiance to TDA, as observed by law enforcement in person or via virtual mediums | 4 | |

2

Form AEA-21A

| | | | |
|---|---|---|---|
| **Association** | a. Surveillance documentation that a subject is frequently observed closely associating with known leaders and members of TDA | 2 | |
| | b. Subject part of group photos with two or more known members of TDA | 2 | |
| | c. Subject presently resides with known members of TDA | 2 | |
| | | **Total Points** | |
| | | | |

## VALIDATION DETERMINATION

*Note: If any of the four requirements are not satisfied, do not complete this validation determination.*

Based on the validation guide and instructions above, including Comments 1 and 2, I find

that the person named above, _____ :

1. Is fourteen years or older;
2. Is not a citizen or lawful permanent resident of the United States;
3. Is a citizen of Venezuela; and
4. Is a member of Tren de Aragua.

    Accordingly, the above-named person is validated as an Alien Enemy.

_____          _____          _____
*Name of agent/officer*          *Signature of agent/officer*          *Date*
*completing the form*            *completing the form*

_____          _____          _____
*Name of supervisor*             *Signature of supervisor*             *Date*

3

Form AEA-21A

## NOTICE AND WARRANT OF APPREHENSION AND REMOVAL
## UNDER THE ALIEN ENEMIES ACT

A-File No:_____    Date:_____

In the Matter of: _____

Date of Birth: _____    Sex:    Male    Female

### Warrant of Apprehension and Removal

**To any authorized law enforcement officer:**

The President has found that Tren de Aragua is perpetrating, attempting, or threatening an invasion or predatory incursion against the territory of the United States, and that Tren de Aragua members are thus Alien Enemies removable under Title 50, United States Code, Section 21.

_____ has been determined to be: (1) at least fourteen years of
        (Full Name of Alien Enemy)
age; (2) not a citizen or lawful permanent resident of the United States; (3) a citizen of Venezuela; and (4) a member of Tren de Aragua. Accordingly, he or she has been determined to be an Alien Enemy and, under Title 50, United States Code, Section 21, he or she shall immediately be apprehended, restrained, and removed from the United States pursuant to this Warrant of Apprehension and Removal.

**Signature of Supervisory Officer:** _____

**Title of Officer:** _____    **Date:** _____

### Notice to Alien Enemy

I am a law enforcement officer authorized to apprehend, restrain, and remove Alien Enemies. You have been determined to be at least fourteen years of age; not a citizen or lawful permanent resident of the United States; a citizen of Venezuela; and a member of Tren de Aragua. Accordingly, you have been determined to be an Alien Enemy subject to apprehension, restraint, and removal from the United States. You are not entitled to a hearing, appeal, or judicial review of this notice and warrant of apprehension and removal. Until you are removed from the United States, you will remain detained under Title 50, United States Code, Section 21. Any statement you make now or while you are in custody may be used against you in any administrative or criminal proceeding. This is not a removal under the Immigration and Nationality Act.

After being removed from the United States, you must request and obtain permission from the Secretary of Homeland Security to enter or attempt to enter the United States at any time. Should you enter or attempt to enter the United States without receiving such permission, you will be subject to immediate removal and may be subject to criminal prosecution and imprisonment.

Signature of alien: _____    Date: _____

---

### CERTIFICATE OF SERVICE

I personally served the original of this Notice and Warrant upon the above-named person on _____.
                                                                                          (Date)

_____        _____
Name of officer/agent                    Signature of officer/agent

Form AEA-21B

## VERIFICATION OF REMOVAL

A-File No:_____    Date:_____

Alien Enemy's name:_____

| Departure Date | Port of Departure | Manner of Departure |
|---|---|---|
| Signature of Verifying Officer | | Title of Officer |

**Photograph of alien removed**

**Right index fingerprint of alien removed**

_____
(Signature of alien whose fingerprint and photograph appear above)

_____
(Signature of official taking fingerprint)

Form AEA-21C