UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIYERVER ADRIÁN LEON RENGEL,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Civil Action No. 1:26-cv-1008-JEB |

## MOTION TO DISMISS

The United States hereby moves, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and Rule 7 of the Rules of the United States District Court for the District of Columbia, to dismiss this action for improper venue.  This judicial district is not a proper venue for Plaintiff's—a resident of Venezuela—tort claims against the United States caused by his apprehension and deportation that occurred in Texas.  28 U.S.C. § 1402(b).  Because venue is improper in this judicial district, the Court should dismiss this action.  The grounds for this motion are more fully set forth in the incorporated memorandum of points and authorities, all arguments advanced in reply, and any additional arguments or evidence submitted with leave of Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

This district is not an appropriate venue for Plaintiff's Federal Tort Claims Act ("FTCA") claims caused by alleged negligent acts or omissions in Texas.  The FTCA is a limited waiver of sovereign immunity subject to numerous exceptions.  *Harbury v. Hayden*, 522 F.3d 413, 417 (D.C. Cir. 2008).  In enacting that limited waiver of sovereign immunity, Congress also enacted

a special venue provision for FTCA claims. 28 U.S.C. § 1402(b). "Where a special venue provision places venue in a specific district, such a provision controls venue for that claim." *Sierra Club v. Johnson*, 623 F. Supp. 2d 31, 37 (D.D.C. 2009). Here, the FTCA only permits actions against the government in the district where the Plaintiff resides (here, Venezuela) or "wherein the act or omission complained of occurred" (here, Texas). 28 U.S.C. § 1402(b). Because venue is inappropriate in this district, the Court should dismiss this action. Fed. R. Civ. P. 12(b)(3).

Plaintiff's claims for negligence, intentional infliction of emotional distress, abuse of process, and false imprisonment were all caused by his apprehension and deportation in Texas. There is no "headquarters" venue under the FTCA, and Plaintiff fails to advance any claims based upon acts or omissions with "intended effects" in the District of Columbia. *Rueber v. United States*, 750 F.2d 1039, 1047 (D.C. Cir. 1985) rev'd on other grounds, *Kauffman v. Anglo-Am. Sch. of Sofia*, 28 F.3d 1223, 1228 (D.C. Cir. 1994). Because the operative acts or omissions underpinning Plaintiff's claims for relief occurred in Texas and because Plaintiff resides in a foreign country, the District of Columbia is not a proper venue for his FTCA claims and the Court should dismiss this action.[1]

## II.   RELEVANT ALLEGATIONS IN THE COMPLAINT

For purposes of this motion only, the United States accepts Plaintiff's non-conclusory factual allegations in his Complaint as true. *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 17 (D.D.C.

---

[1] The Court may "in the interest of justice" transfer this matter to a judicial district where Plaintiff could have properly brought his claims. 28 U.S.C. § 1404(a). Although the District of Columbia Circuit "favors" transfer where procedural obstacles impede refiling, *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 (D.C. Cir. 1983), there are no such procedural obstacles here. This Court has broad discretion to dismiss this action for improper venue. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

2013).

Plaintiff currently resides in Venezuela.  Compl. ¶ 125 (ECF No. 1).  He is a Venezuelan national.  *Id.* ¶¶ 26, 115.

Plaintiff entered the United States at El Paso, Texas, in 2023 after using the CBP One program.  *Id.* ¶¶ 64–65.  After entering the United States, Plaintiff moved to Irving, Texas.[2]  *Id.* ¶ 67.

On March 13, 2025, United States Immigration and Customs Enforcement ("ICE") agents stopped Plaintiff in the parking garage of his apartment complex in Irving, Texas.  *Id.* ¶ 69.  Based on visual inspection of Plaintiff's tattoos, ICE officers determined that Plaintiff was a member of the Tren de Aragua ("TdA") gang, arrested Plaintiff, and took him into custody.  *Id.* ¶ 71.

ICE originally detained Plaintiff at a detention facility near a local Walmart.  *Id.* ¶ 72. The next day, on March 14, 2023, ICE transferred Plaintiff to "south Texas."  *Id.* ¶ 73.

On March 15, 2023, ICE transported Plaintiff from the south Texas detention facility to an airport in Harlingen, Texas.[3]  *Id.* ¶ 76.  From Harlingen, Texas, ICE deported Plaintiff to El Salvador.  *Id.* ¶¶ 79, 82.  On July 18, 2025, Plaintiff was released to Venezuela as part of a prisoner swap agreement between the United States and Venezuela.  *Id.* ¶¶ 114, 125.  Plaintiff remains in Venezuela.  *Id.* ¶¶ 127–128.

## III.    ARGUMENT

 The FTCA has its own venue provision, 28 U.S.C. § 1402(b).  As noted above, when a

---

[2] Irving, Texas, is in the Northern District of Texas.

[3] Harlingen, Texas, is in the Southern District of Texas.

waiver of sovereign immunity has a special venue provision, "such a provision controls venue for that claim." *Sierra Club*, 623 F. Supp. 2d at 37.  Plaintiff may only bring FTCA claims against the United States (1) "in the judicial district where the plaintiff resides," or (2) in the judicial district "wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Neither provision permits Plaintiff's FTCA claims in this Court.

Venue is a "threshold, non-merits issue." *Chevron U.S.A. Inc. v. Env't Prot. Agency*, 45 F.4th 380, 385 (D.C. Cir. 2022).  Accordingly, the Court should "rule on defendants' assertion of improper venue before addressing their challenges to subject matter jurisdiction."[4] *Attkisson v. Holder*, 241 F. Supp. 3d 207, 212 (D.D.C. 2017).

Because "it is the plaintiff's obligation to institute the action in a permissible forum," Plaintiff "bears the burden of establishing that venue is proper." *Maysaroh Am. Arab Commc'ns & Translation Ctr., LLC*, 51 F. Supp. 3d 88, 93 (D.D.C. 2014) (citation omitted).  "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

Here, Plaintiff is not a resident of the District of Columbia.  Compl. ¶ 125.  Nor did any of the acts or omissions that caused Plaintiff's alleged damages occur in the District of Columbia.  At the time of his apprehension, Plaintiff resided in Texas, not the District of Columbia.  *Id.* ¶ 67.  His arrest and deportation occurred in Texas.  *Id.* ¶¶ 72–73.  At all times prior to his deportation, the Department of Homeland Security detained Plaintiff in Texas.  *Id.* The United States then deported Plaintiff from Texas to El Salvador.  *Id.* ¶¶ 79, 82.  All acts or omissions complained of occurred in Texas, not the District of Columbia.

---

[4] The United States contests subject matter jurisdiction over Plaintiff's claims and intends to raise those arguments before the proper court.  Fed. R. Civ. P. 12(g)(2).

Plaintiff's arrest occurred in Texas. *Id.* ¶¶ 72–73. Any false imprisonment (Plaintiff's fourth count) therefore occurred in Texas, not the District of Columbia.

Following Plaintiff's apprehension, he asserts that law enforcement officers of the United States "abused process and authority" during his detention and deportation. Compl. ¶ 154. Plaintiff's process, if any, was due in the district of confinement, Texas. *Trump v. J.G.G.*, 604 U.S. 670, 671, 673 (2025). Any allegedly improper use "of the judicial machinery," *Thorp v. District of Columbia*, 319 F. Supp. 3d 1, 22 (D.D.C. 2018), occurred in Texas. Thus, any abuse of process (Plaintiff's third count) occurred in Texas, not the District of Columbia.

Plaintiff's intentional infliction of emotional distress count arises from his arrest in Texas, Compl. ¶ 149, and "abuse[] on the plane and on the tarmac, as he awaited his imprisonment in CECOT," in Texas, *id.* ¶ 150.[5] Thus, all acts causing his intentional infliction of emotional distress (Plaintiff's second count) occurred in Texas, not the District of Columbia.

Plaintiff avers that his negligence count (Plaintiff's first count) arises from "detention and removal decisions the entire time Plaintiff was in government custody." *Id.* ¶ 144. Plaintiff was in government custody in Texas, not the District of Columbia. Plaintiff identifies no "act or omission complained of" that occurred in the District of Columbia that caused his claims. 28 U.S.C. § 1402(b).

The only events tangentially related to the District of Columbia mentioned in Plaintiff's Complaint are that the President issued his Proclamation, "Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua," 90 Fed. Reg. 13033 (Mar. 20, 2025), in the District of Columbia, and the Attorney General issued her "Guidance for

---

[5] The FTCA's built-in foreign country exception precludes any intentional infliction of emotional distress claims predicated on acts or omissions in El Salvador. 28 U.S.C. § 2680(k); *Smith v. United States*, 507 U.S. 197, 202 (1993).

Implementing the Alien Enemies Act," Compl. Ex. C., from the District of Columbia; the Departments of Justice, State, and Homeland Security are headquartered in the District of Columbia, *see id.* ¶¶ 8, 10, 59, 61, 89, 90, 93, 110; and Plaintiff was a class member in *J.G.G. v. Trump*, No. 1:25-cv-766 (D.D.C. Mar. 15, 2025), Compl. ¶ 96. None of these assertions make venue appropriate in the District of Columbia.

There is no "headquarters" venue under the FTCA. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 705 (2004) (rejecting headquarters theory to avoid FTCA's bar on claims arising in a foreign country). "The location of the agency's headquarters office does not establish venue in this district." *Simpson v. Federal Bureau of Prisons*, 496 F. Supp. 2d 187, 193 (D.D.C. 2007) (no FTCA venue in District of Columbia where Maryland resident alleged torts at a prison in Pennsylvania even though plaintiff alleged Bureau of Prisons Central Office was involved in conduct at issue). "The mere involvement on the part of federal agencies, or some federal officials who are located in Washington D.C. is not determinative of the question of venue." *Patel v. Phillips*, 933 F. Supp. 2d 153 (D.D.C. 2013) (cleaned up) (irrelevant for FTCA venue purposes that Bureau of Prison's headquarters office may have participated in or made transfer decision).

The District of Columbia Circuit has held that for purposes of the FTCA that when an act "occurs in one district but has intended effects in another, the act occurs in the jurisdiction where its effects are directed." *Reuber*, 750 F.2d at 1047 (cleaned up). Thus, the focus for FTCA venue purposes is not where the government devised the conduct at issue, but where "the effects of defendant's alleged tortious" conduct occurred. *Attkisson*, 241 F. Supp. 3d at 214. Even if federal agencies or officials in the District of Columbia direct or order the conduct at issue, that does not make the District of Columbia the proper venue for FTCA claims where the effects to

the plaintiff of those acts or omissions occur in another district, even if authorized from the District of Columbia. *Id.* at 213 (even if electronic surveillance of plaintiff originated in District of Columbia, that was irrelevant for FTCA venue purposes where plaintiff's electronic devices were in Virginia).

Here, even if the President, advisors to the President, the Attorney General, the Secretary of State, and the Secretary of Homeland Security devised and authorized a "plan to expel Venezuelan nationals," Compl. ¶ 14, from the District of Columbia, *id.* ¶ 19, the "intended effects" of that plan and those policies as to Plaintiff were *in Texas*. The goal of the "implementation of the AEA," *id.* ¶ 138, 160, was to apprehend Plaintiff *in Texas* and to deport Plaintiff *to El Salvador*. Just like in *Attkisson*, even if headquarters offices in the District of Columbia directed the Alien Enemies Act deportations, the intended effect as to Plaintiff was not in the District of Columbia but in the states were the alleged TdA gang members were located: here, Texas. Plaintiff's numerous allegations in the Complaint about alleged development of the Proclamation in the District of Columbia, public statements by Administration officials about Venezuelan nationals made from the District of Columbia, and headquarters directives to implement the Proclamation are irrelevant for FTCA venue purposes. "[T]he effects of that decision did not occur in this district." *Patel*, 933 F. Supp. 2d at 165. All allegedly complained of negligent or wrongful acts or omissions that caused Plaintiff's injury and resultant claims for negligence, intentional infliction of emotional distress, abuse of process, and false arrest occurred in Texas or El Salvador when ICE detained and deported Plaintiff.

The fact that Plaintiff is a class member in *J.G.G.* does not confer venue in this district over his independent FTCA damages claims. There is no pendent venue for FTCA claims. *See Sierra Club*, 623 F. Supp. 2d at 37 (pendent venue doctrine does not apply when improperly

venued claim is subject to a specific venue statute).  Plaintiff cannot "manufacture venue in the District of Columbia."  *Pearson v. Rodriguez*, 174 F. Supp. 3d 210, 213 (D.D.C. 2016).  Plaintiff "cannot manufacture venue simply by hinting that high-ranking officials in this District are responsible for his grievance."  *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 417 (D.D.C. 2020).

Although Plaintiff continues to seek habeas relief in this Court, Congress mandated that his damages claim proceed in another district.  *See Talbert v. United States*, 932 F.2d 1064, 1065–66 (4th Cir. 1991) (only relief available under FTCA is money damages, not equitable relief); *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978) (same).  Plaintiff cannot "conflate the constitutional right to bring a habeas action with the right to bring an action against the United States under the FTCA."  *Al-Zahrini v. Rumsfeld*, 684 F. Supp. 2d 103, 117 (D.D.C. 2010) (dismissing Guantanamo detainees FTCA claims under foreign country exception even though United States had *de facto* control over Guantanamo and plaintiffs in custody).

## IV.  CONCLUSION

This Court is not a proper venue for Plaintiff's FTCA claim.  Thus, the Court should dismiss this action for improper venue.

Dated: May 28, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PHILIP D. MACWILLIAMS
Director, Torts Branch

 */s/ Stephen R. Terrell*
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
United States Department of Justice
Civil Division, Torts Branch

- 8 -

P.O. Box 888
Benjamin Franklin Station
Washington, DC  20044
Tel:     (202) 353-1651
Fax:     (202) 616-5200
Stephen.Terrell2@usdoj.gov

*Attorneys for Defendant United States of America*