UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEIYERVER ADRIÁN LEON RENGEL,

     Plaintiff,

v.

UNITED STATES,

     Defendant.

Civil Action No. 1:26-cv-1008-JEB

**UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION FOR HEARING ON VENUE AND REQUEST TO PERMIT TARGETED VENUE DISCOVERY**

## I.    INTRODUCTION

There is no need for discovery to resolve the United States' facial challenge motion to dismiss for improper venue.  Plaintiff plead and admitted all relevant material facts for purposes of the Federal Tort Claims Act ("FTCA") venue analysis:  his arrest, detention, and deportation occurred in Texas; and "Plaintiff was located [in Texas] during the relevant time period of March 14 to March 15, 2025."  Opp'n to U.S. Mot. to Dismiss 26 (ECF No. 21).  Accordingly, the Court should deny Plaintiff's motion for venue discovery.

## II.    ARGUMENT

### A.    There Is No Need for Discovery to Resolve the United States' Facial Motion to Dismiss.

"Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 62 (D.D.C. 2011).  In its motion to dismiss, the United States advanced a facial attack to Plaintiff's assertion of venue. U.S. Mot. to Dismiss 2–3 (ECF No. 19).  Like a motion to dismiss for lack of subject matter jurisdiction, a motion to dismiss for improper venue may take one of two forms.  A facial

challenge examines whether the plaintiff alleges facts sufficient to establish venue in the district, while a factual challenge asks the Court to "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *accord Williams*, 792 F. Supp. 2d at 62.

Where, as here, the United States advanced a facial challenge to venue, the Court must accept the factual allegations of the complaint as true and consider those allegations in the light most favorable to the non-moving party. *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008). As explained by the United States in its motion to dismiss, accepting Plaintiff's well-pleaded facts in his Complaint as true, he fails to establish that, for purposes of his "tort claim[s] against the United States" under 28 U.S.C. § 1346(b), "the act or omission complained of occurred" in the District of Columbia. 28 U.S.C. § 1402(b). Under these circumstances, the Court should dismiss without any discovery because venue is a "threshold, non-merits issue." *Chevron U.S.A. Inc. v. Env't Prot. Agency*, 45 F.4th 380, 385 (D.C. Cir. 2022).

Plaintiff's unsubstantiated charge that the United States "mischaracterizes" the allegations contained in the Complaint is not a basis to permit discovery. Mot. 1 (ECF No. 22); *accord id.* at 5 ("Characterizes," "Claims," "Misstates," "Asserts"). The United States presented no evidence extraneous to the Complaint in support of its motion and rests its argument for dismissal on the allegations in the Complaint.

All parties agree that the United States Immigration and Customs Enforcement ("ICE"), acting through its employees, apprehended Plaintiff in Texas, detained Plaintiff in Texas, and deported Plaintiff from Texas, and that "Plaintiff was located [in Texas] during the relevant time period of March 14 to March 15, 2025." Opp'n to U.S. Mot. to Dismiss 26. For purposes of its

facial challenge motion to dismiss, the United States does not dispute that high-ranking Administration officials devised and authorized a "plan to expel Venezuelan nationals," Compl. ¶ 14 (ECF No. 1), from the District of Columbia, *id.* ¶ 19.  But, as explained by the United States in its motion and its reply, that fact is irrelevant for purposes of venue under the FTCA.[1] *Attkisson v. Holder*, 241 F. Supp. 3d 207, 214 (D.D.C. 2017).

The Court should resolve the United States' motion to dismiss based on the non-conclusory, factual allegations contained in the Complaint, the law, and the briefing of the parties.

### B.       Plaintiff Articulates No Need for Pre-Motion Discovery.

In general, "a party may not seek discovery" before a Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  Plaintiff has not moved pursuant to Rule 26(d) for early or expedited discovery, nor made any showing that he meets the "reasonableness test" to obtain such discovery; balancing "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *New Mexico v. Musk*, 770 F. Supp. 3d 192, 198 (D.D.C. 2025) (citing *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014)).

To obtain discovery, Plaintiff must articulate "specific facts," *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998) (personal jurisdiction), that he anticipates he would discover, and

---

[1] It bears repeating that, even if policies emanated from the District of Columbia, and assuming those policies were the basis for the alleged torts in this case, the policies were executed upon this specific Plaintiff in Texas, making venue proper there and there alone.  If Plaintiff's theory were correct, then government officials emanating policies from the Davos Summit in Switzerland would extinguish venue altogether (and trigger the FTCA's foreign country exception, 28 U.S.C. § 2680(k)), even when those policies were executed domestically in Texas.  That reading of the statute would be nonsensical.

cannot rely on conclusory allegations, *Elemary v. Phillipp Holzmann A.G.*, 533 F. Supp. 2d 116, 121 (D.D.C. 2008) (same).  A plaintiff cannot obtain venue discovery "solely because he requests it—he still must make the requisite showing of good cause." *Nu Image, Inc. v. Does*, 799 F. Supp. 2d 34, 37 (D.D.C. 2011).  "Mere conjecture or speculation" is not enough to justify venue discovery.  *FC Investment Group LC v. IFX Markets Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008).

Plaintiff's only articulated reason for seeking discovery is to allegedly address the "intent" and "credibility" of high-ranking Administration officials who purportedly were "prime architects and drivers" of a deportation policy, and to assess whether high-ranking Administration officials engaged in "hasty implementation of the Alien Enemies Act Proclamation," whether the government intended to apprehend and deport Plaintiff from Texas where he could be found, and whether government employees "seemingly violat[ed]" an order in *J.G.G.*  Mot. 6–7.  Questions of "intent" and "credibility" are merits discovery and irrelevant to venue.  Nor is the development of government policy an element of any of the state law tort claims asserted by Plaintiff, let alone actionable under the FTCA.[2]

Plaintiff argues that acts or omissions of government employees in the District of Columbia may be relevant to venue for his negligence and intentional infliction of emotional distress claims.  *See* Opp'n to U.S. Mtn. to Dismiss 6 (arguing venue over a single claim confers venue over the entire action); 15 (agreeing abuse of process and false imprisonment counts only implicate agents that effectuated the arrest in Texas); Mot. 5 n.1 and n2 (discussing negligence and intentional infliction of emotional distress).  But any arguments that his negligence or

---

[2] And, as noted in the United States' briefing on its motion to dismiss, alleged violations of orders in *J.G.G.* are not relevant to any of Plaintiff's state law tort claims.

intentional infliction of emotional distress claims arose in, or were caused in, the District of Columbia are contradicted by the allegations in his Complaint, and no amount of discovery would bear upon the FTCA venue analysis for those claims.

Plaintiff's negligence count rests upon "detention and removal decisions the entire time Plaintiff was in government custody."  Compl. ¶ 144.  Plaintiff admits he was in custody in Texas and deported from Texas.  Opp'n to U.S. Mtn. to Dismiss 26.  Plaintiff has not alleged or plausibly argued that discovery will show that a District of Columbia government employee "personally" detained or deported Plaintiff.  *C.f. F.C.C. v. United States*, No. 22-cv-5057, 2023 WL 5718440, at *2 (E.D.N.Y. Sept. 5, 2023) (in dicta, noting, "[b]ecause A.C.L.'s separation from her father was—as demonstrated by evidence developed during discovery—personally authorized by then-ORR Director Scott Lloyd, whose office is in the District of Columbia, venue would likely be proper in the District for the District of Columbia as an original matter" but declining to reach the question in light of the parties' consent to transfer under 28 U.S.C. § 1404(a)).

To the contrary, Plaintiff alleges that ICE agents detained him in Texas.  Compl. ¶¶ 69, 71–73.  Plaintiff alleges only that those ICE agents acted pursuant to a government policy ("to drive and direct Plaintiff's unlawful detention and deportation"), Mot. 6, not that a government official in the District of Columbia specifically ordered his detention.  In fact, Plaintiff disavows any assertion that District of Columbia government employees knew who he was or knew that he was in Texas.  *Id.*; *see also* Opp'n to U.S. Mot. to Dismiss 3 (rejecting any assertion "such acts were in fact intended to only affect specific individuals in Texas").  Plaintiff vehemently argues that government officials in the District of Columbia developed a "nationwide policy," *id.*, *see also id.* at 7, 9–10, 13, 21 (same), not a policy targeted specifically at him in Texas.  Plaintiff

cannot advance a FTCA claim premised on an allegedly negligent policy.

Plaintiff also alleges that ICE deported him from Texas.  Compl. ¶ 73.  No amount of discovery will change this fact.  As with his "negligent detention" theory, Plaintiff specifically disavows that government employees in the District of Columbia deported him.  He argues only that his "negligent deportation" from Texas by government employees in Texas was due to the allegedly negligent policy developed in the District of Columbia.  Even if true, that has no bearing on the venue analysis under the FTCA.  *See Attkisson*, 241 F. Supp. 3d at 214 ("because almost all—if not all—of the effects of defendant's alleged tortious electronic infiltration and surveillance fell upon the Attkissons in Virginia, venue as to the FTCA claim is proper there and improper here").

Similarly, no amount of discovery would change the venue analysis for Plaintiff's intentional infliction of emotional distress claim.  Plaintiff alleges he suffered severe emotional distress because of his arrest in Texas, Compl. ¶ 149, and "abuse[] on the plane and on the tarmac, as he awaited his imprisonment in CECOT," in Texas, *id.* ¶ 150.  Plaintiff never met any government employees in the District of Columbia, he never spoke to any government employees in the District of Columbia, and (as noted above) he contends that no "architects" of the deportation policy in the District of Columbia knew of him or that he was in Texas.  Thus, no amount of discovery would establish that government employees in the District of Columbia inflicted "acute, enduring or life-altering" distress "of so acute a nature that harmful physical consequences are likely to result" in the District of Columbia.  *Armstrong v. Thompson*, 80 A.3d 177, 189–90 (D.C. 2013); *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 817 (D.C. 2011).

The causal disconnect between the development of policy by high-ranking Administration officials in the District of Columbia and the specific harms suffered by Plaintiff

in Texas that give rise to his state law tort claims is fatal to Plaintiff's venue arguments. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 704 (2004) ("understanding that [District of Columbia] planning was a legal cause of the harm in no way eliminates the conclusion that the claim here arose from harm proximately caused by acts in" Texas). The factual and venue issues relevant to the state-law tort claims advanced by Plaintiff in this case are whether the ICE agents in Texas had probable cause to arrest Plaintiff; whether ICE agents abused process in Texas during Plaintiff's detention and deportation proceedings; whether ICE agents in Texas negligently detained, processed, or deported Plaintiff; and whether ICE agents in Texas inflicted severe emotional distress on Plaintiff while he was on the tarmac and the plane. Plaintiff has not and cannot articulate "specific facts" he believes he is likely to discover that would alter the venue analysis. *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998) (personal jurisdiction). Accordingly, any venue discovery "would be fruitless." *Crowley v. Napolitano*, 925 F. Supp. 2d 89, 93 (D.D.C. 2013) (denying jurisdictional discovery).

### C.    Plaintiff's Proposed Discovery is Overbroad and not Relevant to Venue.

The Court should not permit Plaintiff's discovery requests that "go primarily to the merits and are not reasonably tailored to ascertain [venue] facts." *Fishel v. BASF Grp.*, 175 F.R.D. 525, 529 (S.D. Iowa 1997). Venue discovery, like jurisdictional discovery, "should be carefully controlled and limited to avoid burdening a sovereign who may be immune from suit." *Davis v. United States*, 196 F. Supp. 3d 106, 121 (D.D.C. 2016) (cleaned up).

Plaintiff seeks Rule 30(b)(6) depositions of two Agencies to ask about "the events described in the Complaint." Mot. 7. This is merits discovery and encompasses the whole case. Plaintiff requests depositions of two high-ranking officials that had no alleged interaction with Plaintiff. *Id.* at 7–8. In addition to being exceptionally burdensome, Plaintiff fails to articulate any knowledge these deponents may have of facts relevant to venue. Plaintiff wants production

of his entire immigration file. *Id.* at 8. Again, this is core merits discovery. Plaintiff's requests for "all communications . . . concerning" immigration policy from, amongst other offices, the White House, is patently overbroad and unduly burdensome. Plaintiff also fails to explain how any such information would inform the venue analysis. Plaintiff seeks, without explanation, deportation information about *other* aliens "between January 21, 2025 *to the present date*." *Id.* at 9 (emphasis added). Such a request is irrelevant and immaterial to this *specific* Plaintiff's arrest, detention, and deportation, all of which occurred *in Texas*.

To that end, Plaintiff also wants to propound merits interrogatories, asking who apprehended him, who detained him, who deported him, and why those officers took those actions. *Id.* In addition to putting the merits cart before the venue (and jurisdictional) horse, the apprehension, detention, and deportation in question all occurred *in Texas*. Plaintiff's request puts the lie to the claim that the specific tortious conduct giving rise to Plaintiff's FTCA action occurred in the District of Columbia.

The sheer breadth of Plaintiff's proposed discovery shows that it is not limited to or pertinent to venue. The only facts relevant to the FTCA venue analysis are that "Plaintiff was located [in Texas] during the relevant time period of March 14 to March 15, 2025." Opp'n to U.S. Mot. Dismiss 26. Those facts are undisputed.

## III.   CONCLUSION

For the reasons stated in the United States' motion to dismiss briefing and herein, the Court should reject Plaintiff's request for discovery and dismiss this action for improper venue.

Dated: July 1, 2026                          Respectfully submitted,

                                             BRETT A. SHUMATE
                                             Assistant Attorney General
                                             Civil Division

- 9 -

PHILIP D. MACWILLIAMS
Director, Torts Branch

 /s/ Stephen R. Terrell
STEPHEN R. TERRELL (CA Bar No. 210004)
Attorney
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, DC  20044
Tel:    (202) 353-1651
Fax:    (202) 616-5200
Stephen.Terrell2@usdoj.gov

*Attorneys for Defendant United States of America*