**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NEIYERVER ADRIÁN LEON RENGEL,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 1:26-cv-01008 (JEB)

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR HEARING ON VENUE
AND REQUEST TO PERMIT TARGETED VENUE DISCOVERY**

## I.    INTRODUCTION

Defendant's Opposition, ECF No. 24, confirms Plaintiff's alternative request for targeted venue discovery, ECF No. 22, should be granted, if the Court concludes that "additional factual development would be useful" to resolving Defendant's Motion to Dismiss. Order, *Clark v. DocuSign, Inc.*, No. 21-cv-1007, at 2 (D.D.C. Apr. 22, 2022) (ECF No. 20). Defendant insists that its motion presents a purely facial challenge, but its Opposition continues to make competing factual assertions to contest Plaintiff's core factual allegations.

As Plaintiff has already demonstrated, the court should find that venue is proper in the District of Columbia. If the court accepts that Plaintiff's pleadings have established venue and that venue in D.C. is permitted when government employees in the District personally ordered the wrongful conduct that injured Plaintiff, as the law requires, there is no need for discovery. Short of that, however, Defendant has predicated its Opposition upon denying and mischaracterizing many of Plaintiff's claims and allegations. To the extent Defendant's venue arguments have any purchase—which, as we have explained in our Response, ECF No. 21, they do not—they have created a factual dispute. Therefore, to resolve this dispute, Plaintiff requests the court permit

1

narrow discovery to answer discrete threshold questions: which officials authorized and directed the operative acts, the intended effect of those actions, and where those officials were located when they did so.

For example, the Complaint specifically alleges that senior federal officials in the District of Columbia personally authorized and directed the removal operation that tortiously injured Plaintiff, including by ordering the plane carrying Plaintiff to take off despite this Court's contrary order. *See Compl.* ¶¶ 18-19, 61, 89–91, 97, 104, 110. Taken as true, allegations such as these establish venue under this Circuit's "sufficient activities" standard. *Gill v. United States*, 415 F. Supp. 3d 127, 142 (D.D.C. 2019); *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984); *see generally* Resp. to Def.'s Mot. to Dismiss, ECF No. 21. Yet, despite its protestations to the contrary, Defendant does not accept the substance of those allegations; instead, Defendant's briefing directly disputes them, thereby making competing factual claims this court will need to resolve. *See, e.g.,* ECF No. 19 at 5 (asserting "[t]he only event tangentially related to the District of Columbia" are the issuance of the Proclamation and the Attorney General's guidance notwithstanding Compl. ¶¶ 18-19, 89–91, 97, 104); *see also* ECF No. 23 at 7 (asserting that "all acts or omissions complained of. . .occurred in Texas, as admitted by Plaintiff," despite no such admission).

Defendant cannot have it both ways. If its challenge is truly facial, the Motion to Dismiss should be denied on the pleadings, and no venue discovery is needed. If, however, the Court is inclined to entertain Defendant's competing factual allegations, then Plaintiff is entitled to develop a record before transfer. *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001); *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992).

## II.    ARGUMENT

**A.    Discovery is Warranted Because Defendant's Challenge Is Factual in Substance, and Plaintiff Has Articulated the Need for Specific, Targeted Discovery Should the Court Look Beyond the Complaint.**

Plaintiff has previously enumerated the numerous factual discrepancies raised by Defendant in its Motion to Dismiss. ECF No. 22 at 4-5. While "the United States does not dispute that high-ranking Administration officials devised and authorized a 'plan to expel Venezuelan nationals'" from D.C., ECF No. 24 at 3, Defendant continues to challenge Plaintiff's factual allegations about the breadth of tortious acts and omissions by federal officials in D.C. and about the intended effects of actions taken in D.C. Discovery directed at who issued the directives governing Plaintiff's flight, the underlying intended effect of those actions, and from where decisions were rendered, would resolve these disputes—and the court should give Plaintiff the opportunity to develop the record so that the court can rule accordingly.

**1.    To Avoid _F.C.C. v. United States_ Mandating Venue in D.C., Defendant Alleges a Competing Set of Facts**.

Defendant claims that venue in D.C. is improper because "a District of Columbia government employee" did not "'personally'" take the actions which Plaintiff alleges were torts committed against him. ECF No. 24 (citing _F.C.C. v. United States_, No. 22-cv-5057, 2023 WL 5718440, at *2 (E.D.N.Y. Sept. 5, 2023)). Yet that is quite literally Plaintiff's allegation. _See_ Compl. ¶¶ 18–19, 61, 89–91, 97, 102, 104, 110.  Indeed, the case Defendant relies on, _F.C.C._, is directly applicable here: It supports Plaintiff's argument that venue is proper in D.C. **_and_** that preliminary discovery is appropriate to resolve contested venue facts.

In _F.C.C._, no party alleged that the ORR Director had physically separated a child from her father in Texas. Rather, the court observed that because the separation "was—as demonstrated by evidence developed during discovery—personally **_authorized_** by then-ORR Director Scott

3

Lloyd, whose office is in the District of Columbia, venue would likely be proper in the District of Columbia." *Id.* at *6 (emphasis added). Thus, *F.C.C.* does not stand for the proposition that a D.C. employee must personally detain or deport a plaintiff to support venue in D.C.; rather, it stands for the proposition that venue is proper when a D.C. official "personally authorized" the conduct at issue. *Id.* That is exactly what Plaintiff alleges. *See* Compl. ¶¶ 18–19, 61, 89–91, 97, 102, 104, 110. Moreover, here, the Complaint alleges the personal authorization and conduct of not just one official, as in *F.C.C.,* but against several specific federal officials directing several specific acts that tortiously injured Plaintiff. *Id*. Defendant's attempt to mischaracterize Plaintiff's express allegations can only be described as a factual challenge, in which case Plaintiff is entitled to develop the record before the Court resolves disputed venue facts against him.

*F.C.C.* also negates Defendant's argument that "no amount of discovery" could bear on venue. ECF No. 24 at 5–6. In *F.C.C.,* the court granted limited venue discovery focused on whether the operative decisions "were made by officials in the Eastern District of New York." 2023 WL 5718440, at *5. That discovery yielded documentation confirming that the operative decision was "specifically authorized by" ORR's then-Director, whose office is in Washington, D.C., making D.C. a proper venue for the lawsuit to proceed. *Id.* at *7. Here too, discovery on who authorized Plaintiff's designation, detention, transport, and then continued removal after this Court's order, and from where, goes directly to establishing proper venue.

    **2.**    **The Defendant Claims a "Causal Disconnect," Whereas Plaintiff Pled an Unbroken Causal Chain, Thereby Raising a Factual Dispute.**

Defendant claims there is a "causal disconnect" between the alleged D.C. directives and Plaintiff's injuries. ECF No. 24 at 6–7. That is a core factual dispute, as the Complaint pleads an unbroken causal chain from the D.C. directives to Plaintiff's detention and removal. Compl. ¶ 110. Defendant contests that chain, raising a quintessentially factual question that can be resolved by

4

establishing who issued the directives governing Plaintiff's continued detention and removal, and from where, warranting venue discovery if this Court concludes that additional factual development is necessary to resolve the Motion to Dismiss.

Defendant relies on *Sosa v. Alvarez-Machain* to assert that the alleged "causal disconnect" is "fatal" to establishing venue in D.C. ECF No. 24 at 6–7; *see* 542 U.S. 692, 704 (2004). *Sosa*, however, is not a venue case; in fact, it does not mention venue at all. It construed the FTCA's foreign-country exception, 28 U.S.C. § 2680(k), which bars "[a]ny claim arising in a foreign country." 542 U.S. at 700–04. Defendant attempts to repurpose that ruling to the question of venue, but *Sosa* says nothing about 28 U.S.C. § 1402(b), which is controlled by its own line of cases and which this Circuit construes "broadly" to permit venue wherever "sufficient activity giving rise to the plaintiff's cause of action took place." *Hahn v. United States*, 457 F. Supp. 2d 27, 29 (D.D.C. 2006) (citation omitted).

If anything, *Sosa* supports Plaintiff's position. There, the Court analyzed whether enough conduct occurred in a foreign country to trigger the exception, not whether the foreign conduct was the only conduct that could satisfy a proximate-cause standard. In fact, the Court recognized that "a given proximate cause need not be, and frequently is not, the exclusive proximate cause of harm." 542 U.S. at 704. In other words, operative conduct may occur in multiple places at once and venue may lie wherever sufficient activities giving rise to the claim took place. At bottom, *Sosa*'s actual holding demonstrates that Defendant's analysis is backwards, the foreign-country exception turns on the place of injury "regardless of where the tortious act or omission occurred," *id.* at 712, whereas § 1402(b) turns on precisely the opposite analysis by examining where "the act or omission complained of occurred." *Hahn*, 457 F. Supp. 2d at 29.

**B.        Section 1402(b) Asks Only Where the Operative Acts Occurred.**

Defendant makes much of the fact that D.C. officials did not know Plaintiff by name and that the scheme they directed was "nationwide." ECF No. 24 at 4–5. But those arguments do not bear on the § 1402(b) analysis because that provision asks where "the act or omission complained of occurred," and the directives alleged here were specific acts, such as ordering that the flight carrying Plaintiff take off and then continue to El Salvador after this Court's contrary orders. Compl. ¶¶ 91, 97, 102, 104. Defendant's rule would import into a venue statute the personal-involvement standard for individual constitutional liability. But that requirement finds no footing in § 1402(b)'s text, nor in the case law. Rather, an official who orders a plane to take off and to continue flying commits operative acts as to every person aboard, whether or not he can identify each of them by name.

Nor do the underlying D.C. torts impose any such requirement. Intentional infliction of emotional distress ("IIED"), for example, reaches extreme and outrageous conduct undertaken "intentionally or recklessly." *Armstrong v. Thompson*, 80 A.3d 177, 189 (D.C. 2013); *accord* Restatement (Second) of Torts § 46(1). Recklessness in this context is defined as acting "in deliberate disregard of a high degree of probability that the emotional distress will follow," Restatement (Second) of Torts § 46 cmt. i. There is no requirement that the tortfeasor know the individual personally.[1] Indeed, in *Homan v. Goyal*, the D.C. Court of Appeals reversed the trial court's grant of judgment notwithstanding the verdict after agreeing with a D.C. jury that the defendant was liable for IIED even though the parties were complete strangers when the key, initial

---

[1] Even if there were such a requirement, here, the United States must have files on the individuals it detains, deports, and imprisons; thus, federal officials would have been aware of Plaintiff's name and identity.

6

tortious act occurred. *See generally* 711 A.2d 812, 816 (D.C.), *amended*, 720 A.2d 1152 (D.C. 1998).

**C.    The Opposition's "Davos" Hypothetical Misstates Both Plaintiff's Theory and the Law.**

Defendant claims that, under Plaintiff's description of venue rules, policies "emanating . . . from the Davos Summit" would "extinguish venue altogether" and "trigger the FTCA's foreign country exception." ECF No. 24 at 3 n.1. The hypothetical fails at every step. *First*, it assumes venue lies in one district "and there alone." *Id.* But § 1402(b) contains no exclusivity principle: instead, where operative acts or omissions occur in more than one district, venue may properly lie in more than one district. *Lamont v. Haig*, 590 F.2d 1124, 1134 & n.64 (D.C. Cir. 1978).; *see Sosa* 542 U.S. at 704. Plaintiff has only contended that venue would be proper in D.C. because that is where the authorizing, directing, and controlling acts occurred. But Plaintiff has never contended that venue is improper in Texas, and it is Defendant, not Plaintiff, that advances this based upon a single-district theory. Thus, in Defendant's hypothetical, venue would clearly be proper in Texas. Any other reading of the statute would be nonsensical.

*Second*, the hypothetical conflates two statutes—§ 1402(b)'s venue provision and § 2680(k)'s foreign-country exception—and misapplies a rule it attempts to invoke. As explained above, the foreign-country exception turns on where ***the injury*** occurred, not where operative acts or omissions occurred. *Sosa*, 542 U.S. at 700–04, 712. Applying that rule to the Defendant's hypothetical, the injury occurs in Texas, so the claim would still arise domestically and § 2680(k) would never be implicated. Plaintiff makes no arguments that would disturb this analysis because his venue theory does not implicate the foreign-country exception at all and never contends that venue lies in, or that operative acts occurred in, a foreign country. Thus, the hypothetical refutes only an exclusivity theory that Plaintiff does not hold while illustrating Plaintiff's actual point,

which is that the "sufficient activities" standard sensibly locates venue wherever operative acts occurred.

### D.    Rule 26(d) Poses No Bar to Targeted Venue Discovery.

Defendant relies on Rule 26(d)(1) to argue that venue discovery is unwarranted. ECF No. 24 at 3–4. But this reliance is misplaced, as Rule 26(d)(1) and Rule 12(i) operate in tandem, not in tension. Rule 26(d)(1) permits discovery before a Rule 26(f) conference "when authorized . . . by court order." This is exactly what Plaintiff's motion seeks under Rule 12(i), and such pre-conference venue and jurisdictional discovery is routine *See, e.g.*, *Nu Image, Inc. v. Does 1–23,322*, 799 F. Supp. 2d 34, 36–37 (D.D.C. 2011); Order, *Clark v. DocuSign, Inc.*, No. 21-cv-1007 (D.D.C. Apr. 22, 2022), ECF No. 20; *cf. Ignatiev*, 238 F.3d at 467 (requiring pre-dismissal discovery).

Further, Defendant invokes a multi-factor "reasonableness test" to evaluate whether Plaintiff has demonstrated a need for expedited discovery. That test, however, is inapplicable and governs requests for expedited merits discovery, typically "for the purpose of fleshing out a preliminary injunction motion,'" rather than threshold venue discovery. *New Mexico v. Musk*, 770 F. Supp. 3d 192, 198 (D.D.C. 2025) (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014)). But Plaintiff does not seek to flesh out a preliminary injunction motion. Rather, Plaintiff seeks discovery to address factual challenges that Defendant has raised against the allegations of Plaintiff's Complaint. The governing standard, set out in Plaintiff's Motion, ECF No. 22 at 3, asks only whether Plaintiff has "a good faith basis to believe that discovery regarding [the proposed] topics will yield facts relevant to the venue determination," Order, *Clark*, No. 21-cv-1007, at 3, and whether he has "reasonably demonstrate[d] that [he] can supplement [his venue] allegations through discovery," *id.* at 2 (quoting *Nu Image*, 799 F. Supp. 2d at 37); *accord GTE New Media*

*Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000). Plaintiff readily satisfies this standard, given his detailed Complaint, extensive Response, and the additional explanations in the Motion contested here.

Plaintiff has also articulated the "specific facts" he expects discovery to yield. *Compare* ECF No. 24 at 6–7 (citing *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D.D.C. 1998)) *with* ECF No. 22 at 6-9. Plaintiff in fact lists key venue-fact questions that he would seek to answer in discovery, including through the targeted document requests listed in his Motion. *See* ECF No. 22 at 6 & 8. Plaintiff's proposed interrogatories further identify venue facts with precision, seeking the name, title, and duty station of each official who designated Plaintiff under the Alien Enemies Act, approved his detention, directed his transport, and authorized the flights to continue after this Court's order as well as where each such act occurred. ECF No. 22 at 9. That discovery is keyed to the very venue questions Defendant has contested, and the Court, of course, retains full authority to tailor the scope and sequence of any discovery it permits.

Finally, the burden of the proposed discovery is modest because the venue question it targets is narrow as a matter of law. Under *Beattie*,[2] where an FTCA suit seeks relief for "an essentially single wrong," venue over one cause of action satisfies § 1402(b) "for the entire case." 756 F.2d at 101. Plaintiff therefore need not locate operative D.C. acts underlying all four of his

---

[2] Defendant erroneously asserted that *Beattie v. United States*, 756 F.2d 91 (D.C. Cir. 1985), "is not good law." Def.'s Reply in Supp. of Mot. to Dismiss at 3-4, ECF No. 23 (D.D.C. June 22, 2026); *see* ECF No. 24 at 8 (incorporating "the United States' motion to dismiss briefing"). But *Beattie* was solely abrogated with respect to its analysis of the foreign country exception, while its independent venue holding remains untouched. Defendant cites no authority holding that *Beattie's* venue analysis is abrogated. Indeed, Beattie's venue analysis has been relied on by courts in the D.C. circuit many times since its abrogation on other grounds in 1993. *See e.g.*, *Burnett v. Al Baraka Inv. & Dev. Corp.,* 274 F. Supp. 2d 86, 98 (D.D.C. 2003); *U.S. S.E.C. v. e-Smart Techs.*, Inc., 926 F. Supp. 2d 231, 237 (D.D.C. 2013); *Reynolds v. United States Dep't of Just.*, 10 F. Supp. 3d 134, 145 (D.D.C. 2014); and *Covey Run, LLC v. Washington Cap., LLC*, 196 F. Supp. 3d 87, 101, fn. 9 (D.D.C. 2016).

counts. Instead, discovery establishing the situs of the acts giving rise to a *single* claim would resolve venue for the whole action. Far from "encompass[ing] the whole case," ECF No. 24 at 7, the proposed discovery is directed at a discrete threshold question: who authorized and directed the acts of which Plaintiff complains, and where those officials acted when they did so.

### III.    CONCLUSION

If Defendant's challenge is facial, the Court should deny the motion to dismiss on the pleadings, and no discovery is necessary. To the extent the Court instead entertains Defendant's competing factual claims regarding causation, intent, and the situs of the operative acts, Plaintiff respectfully requests that the Court grant his motion: order a 90-day period of targeted venue discovery, permit supplemental briefing, and hold a hearing before deciding the motion to dismiss.[3]

Respectfully submitted,

*/s/ Mimi Marziani*
Mimi Marziani

Norman L. Eisen (D.C. #435051)
Stephen A. Jonas (D.C. #90037069)
Joshua G. Kolb (#NY0628)
**DEMOCRACY DEFENDERS FUND**
600 Pennsylvania Avenue, SE, #15180
Washington, D.C. 20003
Tel: (202) 594-9958
norman@democracydefenders.org
steve@democracydefenders.org
joshua@democracydefenders.org

-and-

Mimi Marziani*
Texas Bar No. 24091906
mmarziani@msgpllc.com

---

[3] If the Court concludes both that venue is improper and that no discovery is warranted, the proper course under 28 U.S.C. § 1406(a) would be transfer to the Southern District of Texas rather than dismissal. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962).

10

Rebecca (Beth) Stevens\*
Texas Bar No. 24065381
bstevens@msgpllc.com
Joaquin Gonzalez\*
Texas Bar No. 24109935
jgonzalez@msgpllc.com
Andrew Silberstein\*
New York Bar No. 5877998
asilberstein@msgpllc.com
**MARZIANI, STEVENS & GONZALEZ PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604

\**Admitted Pro hac Vice*

**ATTORNEYS FOR PLAINTIFF**

11