**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEIYERVER ADRIÁN LEON RENGEL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 1:26-cv-01008 (JEB) |

**PLAINTIFF'S NOTICE REQUESTING CLARIFICATION OF THE COURT'S AUGUST 13, 2026 MINUTE ORDER GRANTING STAY**

Plaintiff Neiyerver Adrián Leon Rengel (the "Plaintiff") respectfully submits this request for clarification regarding the Court's August 13 minute order staying transfer of this case until August 19 to allow Plaintiff to pursue an interlocutory appeal of the transfer decision. Plaintiff is filing his Motion for Amendment for Certification of Interlocutory Appeal today, but seeks clarity regarding the duration of the stay that was granted.

Last week, Plaintiff requested an administrative stay of this Court's transfer Order to allow for briefing on a motion to amend the transfer order to add a certification for interlocutory appeal. Pl.'s Mot. for Admin. Stay, ECF No. 28. This Court entered the following text Order granting the Motion for Stay:

> 1) Plaintiff's 28 Motion for Stay, though filed at the eleventh hour, is GRANTED;
> 2) The transfer is STAYED until August 19, 2026; and
> 3) If no appeal is filed by such date, the case shall then be transferred.

However, Plaintiff cannot file an appeal without the Court first amending its transfer order to certify interlocutory appeal. *See* 12 U.S.C. § 1292(b); FED. R. APP. P. 5(a)(3).

Plaintiff respectfully requests clarification as to whether the Court intended to stay the transfer pending briefing and resolution of the motion for certification, which must precede filing an interlocutory appeal, so long as that motion is filed by August 19, 2026.

To the extent that the Court did not intend to stay the transfer order for the full period of briefing and consideration of the motion for certification, Plaintiff respectfully requests that the stay be extended through resolution of the forthcoming motion and, if certification is granted, through disposition of any petition under FED. R. APP. P. 5(a)(3). In connection with Plaintiff's Motion for Administrative Stay, Defendant advised that if the Court stays the transfer order to allow briefing on the certification motion, it agrees that the stay may remain in effect pending resolution of that motion. Absent such an extension, transfer of the record could occur before the certification motion is resolved. *See In re Briscoe,* 976 F.2d 1425, 1426 (D.C. Cir. 1992) (per curiam) ("The basic rule in civil practice is that if a case is physically transferred before an appeal or a petition for mandamus has been filed, the court of appeals in the transferor circuit has no jurisdiction to review the transfer.")

**LCvR 7(m) CERTIFICATION**

Undersigned counsel conferred with counsel for Defendant on August 18, 2026 regarding the relief sought here, and Defendant is not opposed to the request for clarification.

Respectfully submitted,

*/s/ Mimi Marziani*
Mimi Marziani

Norman L. Eisen (D.C. #435051)
Stephen A. Jonas (D.C. #90037069)
Joshua G. Kolb (#NY0628)
**Democracy Defenders Fund**

600 Pennsylvania Avenue, SE, #15180
Washington, D.C. 20003
Tel: (202) 594-9958
norman@democracydefenders.org
steve@democracydefenders.org
joshua@democracydefenders.org

-and-

Mimi Marziani* (TX # 24091906, NY #4729547)
Rebecca (Beth) Stevens* (TX #24065381)
Joaquin Gonzalez* (TX #24109935)
Andrew Silberstein* (NY #5877998)
**Marziani Stevens & Gonzalez PLLC**
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Tel: (210) 343-5604
mmarziani@msgpllc.com
bstevens@msgpllc.com
jgonzalez@msgpllc.com
asilberstein@msgpllc.com

**Admitted Pro hac Vice*

**ATTORNEYS FOR PLAINTIFF**